# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT BROOME,<br>        Appellant, | DOCKET NUMBER<br>DC-0831-18-0676-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>        Agency. | DATE: June 21, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Robert Broome, King George, Virginia, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    On July 5, 2018, the Office of Personnel Management (OPM or agency) issued a final decision recalculating the appellant's annuity benefit under the Civil Service Retirement System. Initial Appeal File (IAF), Tab 6 at 4-5. On July 16, 2018, the appellant filed a Board appeal contesting OPM's computation. IAF, Tab 1. In an August 13, 2018 order, the administrative judge informed the parties that he would initiate a telephonic status conference on September 5, 2018. IAF, Tab 4.

¶3    The agency representative was present for the September 5, 2018 status conference, but the appellant did not appear. IAF, Tab 7. The agency representative told the administrative judge that she had spoken with the appellant and that the appellant had told her he wished to withdraw his appeal. *Id.* The following day, September 6, 2018, the administrative judge issued an order summarizing the status conference. *Id.* He notified the appellant that if he withdrew his appeal, it would be dismissed with prejudice, and he directed the appellant to notify the Board of his decision by September 14, 2018. *Id.* The administrative judge stated that if he did not receive notice by that date, he would dismiss the appeal as withdrawn. *Id.* The appellant did not respond to the order, and on September 18, 2018, the administrative judge issued an initial decision dismissing the appeal. IAF, Tab 8, Initial Decision.

¶4    On October 15, 2018, the appellant filed a timely petition for review, in which he contended that he never asked to withdraw his appeal. Petition for Review (PFR) File, Tab 1 at 2. The agency filed a response. PFR File, Tab 3.

¶5    Subsequently, on January 24, 2023, the appellant submitted an additional pleading, in which he requested that the Board "end adjudication" of the case. PFR File, Tab 10. On January 27, 2023, the Acting Clerk of the Board issued an

order instructing the appellant to file a pleading within 7 days of the order confirming whether he wished to withdraw his petition for review pursuant to the Board's June 28, 2022 Policy Regarding Clerk's Authority to Grant Requests to Withdraw Petitions for Review.[2] PFR File, Tab 11 at 2. The order explained that if the appellant did not respond to the order within 7 days, the Board would assume that he did not wish to withdraw his petition for review and would instead issue a decision on the petition. *Id.* The appellant did not respond within 7 days but filed a response over 3 months later that did not clearly confirm his intent to withdraw his petition. PFR File, Tab 12. The Acting Clerk of the Board issued another order, again ordering the appellant to confirm whether he wished to withdraw his petition and explaining that if he did not respond within 7 days, the Board would assume that he did not wish to withdraw his petition for review and would instead issue a decision on the petition. PFR File, Tab 13. The appellant did not respond.

## ANALYSIS

¶6     Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it had been withdrawn. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Id.*

¶7     Here, the appellant did not take any affirmative step to inform the administrative judge of a desire to withdraw his appeal. Rather, he failed to

---

[2] Pursuant to the Board's Delegations Manual at § 2.3.5.1, the Office of the Clerk of the Board has delegated authority to grant a petitioner's request to withdraw his petition for review. Vice Chairman Cathy A. Harris, Member Raymond A. Limon and former Member Tristan L. Leavitt issued a policy effective June 28, 2022, stating that the Clerk may now exercise the delegated authority to grant a withdrawal of a petition for review when requested by a petitioner if there is no apparent untimeliness of the petition and if no other party objects to the withdrawal.

respond to the administrative judge's order to clarify whether he wished to withdraw his appeal or not. While the appellant's noncompliance with that order might have warranted a sanction under 5 C.F.R. § 1201.43, his silence did not amount to a clear, unequivocal, and decisive action to relinquish his appeal right. *See Lopez v. Department of the Interior*, 94 M.S.P.R. 393, ¶ 6 (2003) (concluding that when the appellant was pro se, there was no record of her request to withdraw her appeal, and she asserted on review that she did not intend to withdraw her appeal, she did not clearly, unequivocally, and decisively withdraw her appeal); *Spencer v. Railroad Retirement Board*, 93 M.S.P.R. 80, ¶ 5 (2002) (same). Furthermore, as discussed above, the appellant has not clearly indicated that he wishes to withdraw his petition for review of the initial decision. Accordingly, we reinstate the appeal.

## ORDER

¶8    For the reasons discussed above, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.